27879. HARTNESS v. HARTNESS.

GUNTER, Justice. In this case the appellee-wife brought an action for divorce and alimony against the appellant. Following a jury

trial the verdict awarded a divorce in favor of the wife, and the verdict awarded as permanent alimony for the wife "lump sum title to an undivided one-half interest in all the property, real and personal, owned and possessed by the defendant wherever located, at the time of the separation."

The jury's verdict was returned on May 23, 1972, and the judgment was entered thereon on May 26, 1972. On June 26, 1972, the husband-appellant filed a motion for a new trial.

On August 20, 1972, the appellee-wife died. After several orders continuing the hearing-date on the motion for new trial to subsequent dates, and without substituting any successor for the deceased party, the trial judge heard and overruled the motion for a new trial on January 11, 1973. On January 31, 1973, the appellant filed in the trial court two documents purportedly signed by his former deceased wife prior to her death. These two documents were an agreement by her for the granting of the pending motion for a new trial and a dismissal of the divorce case.

On February 12, 1973, the appellant filed his notice of appeal, appealing from the trial court's judgment of May 26, 1972, granting divorce and alimony and from the trial court's judgment of January 11, 1973, overruling his motion for a new trial.

On February 19, 1973, the trial judge entered a judgment declining to give any consideration to the two documents filed on January 31, 1973, these two documents having been filed after the trial court had entered its judgment overruling the appellant's motion for a new trial.

The appeal was then docketed in the Supreme Court of Georgia in March. On May 3, 1973, the appellant filed in this court a notice of the death of a party to the case, his former wife, and moved that the administratrix of the party's estate be substituted as a party in the appellate court. The administratrix then filed a consent to be made a party in this court.

The appellant's motion for a new trial which was overruled by the trial judge contained only the general grounds. Having reviewed the transcript of the trial, we hold that the trial court's judgment overruling the motion for a new trial was correct.

A number of errors are enumerated in this court in addition to those contained in the motion for a new trial. These enumerated errors are wholly without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1973 — DECIDED OCTOBER 25, 1973 —
REHEARING DENIED NOVEMBER 8, 1973.

*Cecil G. Hartness,* for appellant.
*Gettle & Fraser, Sherman C. Fraser,* for appellee.